UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TODD BEAUTY LP,

Plaintiff,

- against -

SONY GROUP CORPORATION and
SONY CORPORATION OF AMERICA,

Defendants.

No.  22-cv-607

**COMPLAINT FOR
DAMAGES AND
INJUNCTIVE RELIEF**

JURY DEMAND

## I.    INTRODUCTION

1.    This is a civil action for breach of contract arising out of Sony's improper, anticompetitive and aggressive actions against Michael Todd Beauty LP ("Michael Todd Beauty") in the United States and China in contravention of the terms of a 2014 Agreement between the parties.

2.    Michael Todd Beauty manufactures and sells throughout the United States portable, electrically driven handheld sonic personal skin care devices for the care and treatment of the skin. A significant feature of Michael Todd Beauty's devices is the incorporation of sonic technology to enhance their effectiveness.

3.    In 2013, Michael Todd Beauty developed and began manufacturing and selling portable, electrically driven, handheld sonic facial cleansing brushes under the trademark soniclear. The soniclear brushes feature brush heads that oscillate



at sonic speeds (up to 300 movements per second) for more effective cleansing.  In addition to cleansing brushes, Michael Todd Beauty develops, manufactures and sells other innovative

portable, electrically driven handheld personal skin care devices featuring state-of-the-art sonic technology.

4.     Although the word "soniclear" does not have any inherent meaning, Michael Todd Beauty created the soniclear trademark by blending two distinct, unrelated words— "sonic" and "clear"—to create a new, original, single word connoting cleanliness brought about by sonic technology.[1] And for nearly a decade, Michael Todd Beauty has painstakingly built its soniclear brand and, beyond that, a family of "sonic" brands for its ever-growing family of sonic technology–driven beauty devices.

5.     Sony, on the other hand, has never in its 75-year history participated in the marketplace for portable, electrically driven handheld personal care devices. A simple look at the parties' respective trademarks confirms that they are quite different visually:

**SONY**

soniclear.

Indeed, there can be no doubt that Michael Todd Beauty's soniclear marks have not been, are not, and are not likely to be confused with Sony's SONY marks.

6.     Nevertheless, Sony has repeatedly and wrongfully flexed its economic muscle against Michael Todd Beauty to limit or preclude its ability to use the soniclear marks to grow its business.

---

[1]     In linguistics this is known as a "portmanteau word." Other portmanteau words include "motel" from "motor" and "hotel," "brunch" from "breakfast" and "lunch," and "smog" from "smoke" and "fog." In the world of branding, such words are not uncommon—e.g., "SONICARE," the famous Philips Oral Healthcare mark for toothbrushes, which is derived from "SONIC" and "CARE."

7.    Sony first objected to Michael Todd Beauty's use of the soniclear mark in 2014 when it opposed Michael Todd Beauty's registration of the mark. The Parties subsequently reached a compromise in which Sony expressly agreed not to challenge or oppose anywhere in the world Michael Todd Beauty's ownership, use or registration of the soniclear marks with respect to any goods and services as long as (i) the SONI in SONIC was not separated or distinguished from the other elements of the mark and (ii) any application for registration or registration included a statement that sonic power or technology is being used to operate the product.

8.    Michael Todd Beauty registered its soniclear marks in the U.S. and in China in compliance with the criteria specified in the 2014 Agreement as part of a now-famous family of marks in the beauty device business, including the following:

sonicblend pro                    sonic refresher
soniclear elite                    soniceraser pro
soniclear petite                   sonicskim
                                    sonictrim duo

9.    Despite seven years of silence and without any suggestion of confusion—during which time Michael Todd Beauty's soniclear mark achieved incontestable status in the United States—Sony has begun anew its interference with Michael Todd Beauty's use of the soniclear marks.  Now, once again, Sony wrongfully demands that Michael Todd Beauty discontinue its use of the soniclear mark and has filed an action to cancel Michael Todd Beauty's soniclear registration in China.

10.    Despite repeated pleas for Sony to desist, Sony has refused to discontinue such conduct and to withdraw its opposition. Sony's conduct is improper, anticompetitive, in breach of the parties' 2014 Agreement, and must be enjoined and otherwise remedied.

## II.     PARTIES

11.     Plaintiff Michael Todd Beauty is a Delaware limited partnership based in Florida with its principal place of business at 584 NW University Boulevard, Suite 600, Port St. Lucie, FL 34986.

12.     On information and belief, Defendant Sony Group Corporation is a Japanese corporation headquartered at 1-7-1 Konan, Minato-Ku, Tokyo, Japan, and doing business in the state of New York.

13.     On information and belief, Defendant Sony Corporation of America, is a wholly owned subsidiary of Sony Group Corporation formed under the laws of the state of Delaware and located at 25 Madison Avenue, New York, New York 10010.


## III.     JURISDICTION AND VENUE

14.     The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

15.     This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(2), because the 2014 Agreement between the parties out of which this action arises provides that venue for any dispute alleging breach or seeking enforcement of the 2014 Agreement shall occur exclusively in federal or state court in the County of New York, New York to which jurisdiction the parties voluntarily and irrevocably consent.

## IV.   FACTUAL BACKGROUND

**A.   Michael Todd Beauty's Business**

16.     Michael Todd Beauty is an award-winning personal care company co-founded in 2009 by entrepreneurs Lewis Hendler, Chairman (previously the co-founder of SCÜNCI, the world's most well-known hair accessory brand); Michael Friend, President and Chief Executive Officer; and Lilia Friend, SVP of Operations.

17.     Michael Todd Beauty is principally engaged in the development, manufacture and sale throughout the United States of portable, electrically driven handheld personal care devices incorporating sonic technology for enhanced effectiveness.

18.     Michael Todd Beauty sells its products throughout the United States direct to consumers from its owned and operated websites, and through major retailers, including ULTA Beauty, Macys, Bed Bath & Beyond, Amazon, Wal*Mart, Target, CVS, Walgreens, and Rite Aid, among others.

19.     Michael Todd Beauty invests heavily in efforts to build, maintain and protect its brands, including a strong social media presence and collaborations with top Instagram influencers.

### i.   *Michael Todd Beauty's Family of Sonic Beauty Devices*

20.     In 2013, Michael Todd Beauty launched a line of portable, electrically driven, handheld sonic facial cleansing brushes under the trademark soniclear. The soniclear brushes featured a drive assembly capable of causing the brush head to oscillate at sonic speeds of up to 300 movements per second for faster and more effective cleansing. The drive assembly was coupled to a brush head, the bristles of which incorporate active ingredients that safely resist and

inhibit the growth of mold, mildew and bacteria. The result was a facial cleansing brush capable of cleansing more effectively and staying cleaner, fresher longer.

21.     The unique combination of features of the soniclear cleansing brushes resulted in the grant of multiple U.S. patents, including U.S. Patent Nos. 10,013,314 and 11,013,314, and enabled soniclear brushes to gain rapid market acceptance over much larger and more established competitors, including L'Oréal, maker of the Clarisonic® sonic cleansing brush. Since its initial launch, sales of soniclear products have exceeded $15M.

22.     Michael Todd Beauty has continued to build out its brand family of portable, electrically driven, handheld sonic beauty devices, including the sonicblend® makeup applicator (depicted at right) and the sonicsmooth dermaplaning system, sonic refresher dermabrasion system, sonicskim pore extractor/serum infuser, sonictrim, dual function facial hair remover, sonic eraser infusion device and sonicsculpt contouring device (depicted below).



Sonicsmooth      Sonic Refresher      Sonicskim      Sonictrim Duo      Sonic Eraser Pro      Sonicsculpt

**ii.     *Awards and Accolades for Michael Todd Beauty's Sonic Beauty Devices***

23.     Michael Todd Beauty was awarded the 2018 Allure Readers' Choice Award recognizing the Company's sonicsmooth-brand dermaplaning system as the best breakthrough product for skincare among other prestigious beauty brands.

24.     That same year, Michael Todd Beauty's sonicblend-brand makeup application brush was named the Official Show Pick in the category "Trendsetter" at the 2018 Cosmoprof North America event.

25.     More recently, Michael Todd Beauty was awarded the 2021  Allure Readers' Choice Award for the company's soniclear petite-brand sonic cleansing brush.

26.     Michael Todd Beauty also received the 2021 Bella Beauty Award for its "Hydrojet Facial System," a unique handheld shower head combining sonic technology and pressurized water spray for a revitalizing shower experience.

### iii.     *The Michael Todd Beauty Brand Family*

27.     For branding purposes, soniclear and the other marks in the Michael Todd Beauty brand family are depicted (i) in lower-case, non-bold typeface, (ii) in a sans serif font, and (iii) with a design element comprising a stylized wheel design representing sonic technology in the center of the "o" in "sonic."

### a.     United States Trademarks

28.     Michael Todd Beauty has openly marketed, advertised, and sold soniclear-brand products throughout the United States for more than nine years.

29.     The original soniclear mark ("Version #1") used by Michael Todd Beauty appears below:



The Version #1 mark consisted of the portmanteau word "soniclear" in lower case letters with "soni" in green and "clear" in purple.  The "o" is a stylized wheel design representing sonic technology, and two leaves in green are inserted above the "e" and "a" representing organic skincare.  Michael Todd Beauty sought registration of the Version #1 mark; it was published for opposition by the United States Trademark Office as Serial Number 85/956,103 on November 12, 2013; but it was later abandoned prior to registration on July 17, 2014, as a concession to Sony's demands.

30.     In or about May 2014, Michael Todd Beauty began using the below, revised version of the soniclear mark ("Version #2") in commerce in connection with its sonic powered cleansing brushes:



31.     The revised Version #2 mark consisted of the word "soniclear" in lower case letters with the "s" and "niclear" in purple and the "o" in green. In accordance with the criteria agreed upon in the parties' 2014 Agreement, the "soni" in "sonic" was not separated or distinguished from the other elements of the mark and the description of goods refers to power operated brushes "using sonic technology." Michael Todd Beauty continued the wheel design element inside the "o" representing sonic technology and the two leaves in green above the "e" and the "a" representing organic skincare.

32.     Version #2 of the soniclear mark was published for opposition by the United States Trademark Office on November 18, 2014, and was registered as Registration Number 4,784,521 on August 4, 2015.  At no time during the examination process did the Examiner note

or suggest any possible confusion with any mark held by Sony (or any other company for that matter).

33.     As Michael Todd Beauty's branding evolved, the Company discontinued its emphasis on organic skincare and determined to eliminate the soniclear mark's green color and leaf elements.

34.     Michael Todd Beauty subsequently sought and obtained registration with the United States Trademark Office of the below soniclear mark ("Version #3"), which resulted in Registration Number 4,976,477 on June 14, 2016:

soniclear

35.     A true and correct copy of the registration certificate for the Version #3 soniclear mark is attached hereto as Exhibit 1.

36.     The Version #3 mark omitted the leaf and green color elements as a feature of the mark, reflecting Michael Todd Beauty's move away from organic skin care, but retained the stylized wheel design element in the letter "o" representing sonic technology. In accordance with the criteria for non-objection by Sony memorialized in the parties' 2014 Agreement, the "soni" in "sonic" was not separated or distinguished from the other elements of the mark and the description of goods refers to power operated brushes "using sonic technology."

37.     At no time during the examination process did the Examiner note or suggest any possible confusion between the Version #3 mark and any mark held by Sony (or any other company for that matter).  Nor did Sony file an opposition with the Trademark Office or raise any concern with Michael Todd Beauty.

38.     Michael Todd Beauty began using the Version #3 soniclear mark in commerce at least as early as December 31, 2014, and has continuously ever since used this version of the mark on the product, on product packaging, on point-of-purchase displays, on the Company's websites and the websites of its retail customers, in social media and in television, print and Internet advertising.

39.     On January 12, 2022, the United States Patent and Trademark Office ("USPTO") declared the Version #3 soniclear mark (Reg. No. 4,976,477) incontestable and filed a Section 8 & 15 Notice of Acceptance/Acknowledgment.  *See* Exhibit 2.

40.     Michael Todd Beauty also registered (as Reg. No. 5,172,140) the Version #3 soniclear mark in connection with replacement brushes and accessories for the soniclear cleansing brush. *See* Exhibit 3.

41.     Michael Todd Beauty has also sought registration for its SONICBLEND mark, which was published for opposition by the United States Trademark Office on May 2, 2017, and was registered as Registration Number 5,246,524 on July 18, 2017.

### b.     Trademarks in China

42.     On August 7, 2018, Michael Todd Beauty filed an application (Application No. 32725293) with the China Trademark Office ("CTMO") to register the soniclear mark in English characters in China in International Class 21 for "power operated brush *using sonic technology* [as provided by the parties' 2014 Agreement] to clean and exfoliate skin; replacement brushes for power operated brushes; extension handles for power operated brushes; carrying cases and stands featuring power supply connectors and battery charging devices specially adapted for use with power operated brushes to clean and exfoliate the skin[.]"

43.     A true and correct copy of Michael Todd Beauty's Chinese Application No. 32725293 and a certified translation thereof are attached hereto as Exhibits 4 and 5, respectively.

44.     The CTMO registered Michael Todd Beauty's soniclear mark on September 28, 2019.  *See* Exhibit 6.

**B.     Others' "Sonic" Marks**

45.     Although Michael Todd Beauty has devoted significant resources to the development of its family of sonic-technology beauty devices and related "sonic" marks, Michael Todd Beauty does not pretend to have a monopoly over the use of the descriptive word "sonic" in all contexts.  Nor does Michael Todd Beauty assert a monopoly over all portmanteau words incorporating the word "sonic" or variations thereof.

46.     For example, upon information and belief, Trio Systems, LLC, a California-based company has used the mark SONICLEAR for computer software for recording, editing, translating and processing audio computer files in International Class 9 since at least as early as 1999. Trio's SONICLEAR mark is registered with the United States Trademark Office as Registration No. 2,332,737 and has reached incontestable status.

47.     As depicted on Trio's website (http://www.soniclear.com) and below, the "soni" in Trio's SONICLEAR mark is distinguished from the other elements of the mark—the specific point of concern raised by Sony against Michael Todd Beauty's original Version #1 soniclear mark.  In mark form, Trio uses a different shade of blue for the "soni" portion of "soniclear."  And at 

the bottom of the landing page for its website, Trio identifies the mark as "SoniClear®," with the "soni" portion of the mark again visually distinct from the remainder of the mark.

48.     On information and belief, SONY has never challenged Trio's use of its SONICLEAR mark despite its use in connection with goods and services similar to the goods and services provided by Sony. Nor has Trio ever objected to Michael Todd Beauty's use of the soniclear mark, and Michael Todd Beauty is unaware of any instance of confusion between the two marks.

49.     Upon information and belief, Philips Oral Healthcare, Inc. and certain predecessors in interest have used variations of the mark SONICARE (depicted at right) for toothbrushes since at least as early as 1992. Like Michael Todd Beauty's soniclear mark, Philips' SONICARE mark is a portmanteau blend of the words "SONIC" and "CARE" in which the "C" serves as the "C" in "SONIC" as well as the "C" in CARE."[2]

50.     The original SONICARE mark was published for opposition by the United States Trademark Office on January 26, 1993, was registered as Registration No. 1,848,213 on August 2, 1994, and has reached incontestable status.

51.     Like Michael Todd Beauty's soniclear mark, Philips' SONICARE mark is used in connection with goods and services in International Class 21. Michael Todd Beauty is unaware of any instance of confusion between the two marks.

---

[2]     Stated differently, the SONICARE mark is not a combination of "SONI" and "CARE" or "SONIC" and "ARE"; it is the portmanteu of "SONIC" and "CARE."

**C.      Sony's 2014 Conduct**

52.      On January 9, 2014, Sony, through its attorneys, issued a cease-and-desist letter (Exhibit 7) to Michael Todd Beauty asserting that Sony "is the owner of all right, title, and interest in and to the mark SONY, and owns hundreds of registrations for the SONY mark in countries throughout the world.   In the United States, Sony is the owner of U.S. Registration Nos. 770,275, 777,400, 785,967, 801,885, 884,448, 885,860, 886,119, 886,339, and 888,316 for SONY for use in connection with a variety of goods and services, including without limitation consumer electronics."

53.      Sony claimed that Michael Todd Beauty's use of the stylized Version #1 mark



with U.S. Serial Application No. 85/956,103 was likely to cause confusion among consumers by falsely suggesting that Michael Todd Beauty's soniclear-brand products were somehow affiliated with, or sponsored or endorsed by, Sony.

54.      Sony demanded that Michael Todd Beauty abandon the Version #1 soniclear mark, cease all use of the mark and any other marks incorporating "soni" or "sony," and confirm that it would not make any use of Sony marks or any other mark incorporating "soni" or "sony" in the future.

55.      Sony's demands notwithstanding, Sony did not then, and does not now, own registered trademark rights in "soni" or "sonic."

56.      Upon information and belief, Sony knew then, and knows now, that in the English language, the root word "son," meaning "sound," is used extensively.   It can be found in

numerous brand-identifiers not limited to Sony, such as Sonus Networks, Panasonic, Sonic Drive-in, and Sonos.

57.     On February 5, 2014, Michael Todd Beauty responded to Sony's cease and desist letter (Exhibit 8) with a factor-by-factor analysis thoroughly articulating the reasons no likelihood of confusion existed or was likely to exist, as well as an appendix of exemplary "sonic" marks across a variety of markets.

58.     Sony nevertheless filed an opposition with the United States Trademark Office to Michael Todd Beauty's application for registration of the soniclear mark.  Unsurprisingly, Sony did not allege—because it could not—that it owned or used the soniclear mark or indeed any mark containing "soni."  Nor did Sony allege that it owned any mark in International Class 21 other than U.S. Registration No. 1,836,821 for, of all things, "mugs."

59.     Unfortunately, at that time Michael Todd Beauty was an early-stage company that lacked the resources to defend itself adequately against Sony's claims.

**D.     The 2014 Settlement Agreement**

60.     Sony and Michael Todd Beauty came to a settlement regarding Michael Todd Beauty's use of trademarks incorporating the word "sonic," which is embodied in the 2014 Agreement, a true and correct copy of which is attached hereto as Exhibit 9.

61.     Paragraph 7 of the 2014 Agreement provides as follows:

> Sony agrees that it will not impede, oppose, challenge or otherwise contest, directly or indirectly, worldwide, Michael Todd's ownership, use, application for registration, registration, or any amendment or maintenance of any registration for: … (ii) any mark including the word "SONIC," as long as the SONI in SONIC is not separated or distinguished from the other elements of such mark, either on or in connection with any goods and services, and so long as the goods and services recited in any application for

registration or registration includes a statement that sonic power or technology is being used to operate the product at issue.

62.     The language of part (ii) of Paragraph 7 of the 2014 Agreement was added during negotiations to establish a set of criteria that, if followed by Michael Todd Beauty, would be a safe-harbor against future claims by Sony with respect to all of Michael Todd Beauty's "sonic" family of marks.

63.     Pursuant to the terms of the 2014 Agreement, Michael Todd Beauty abandoned its use and pending application for registration of the Version #1 soniclear mark.  In its place, Michael Todd Beauty at least as early as April 14, 2014, began using Version #2 of the soniclear mark (depicted at right) in commerce in connection with its sonic powered cleansing brushes.



64.     Michael Todd Beauty subsequently sought and obtained Registration Number 4,976,477 with the United States Trademark Office of the word mark:



In accordance with the criteria set forth in Paragraph 7(ii) of the parties' 2014 Agreement, this Version #3 of the soniclear mark does not separate or distinguish the "soni" in "sonic" from the other elements of the mark in any way, and the description of goods refers to sonic power or technology being used to operate the product at issue.

E.     **Sony's 2021 Conduct**

65.     Notwithstanding Michael Todd Beauty's registration without opposition by SONY of the Version #3 soniclear mark (Reg. No. 4,976,477), the passage of more than *seven* years since execution of the 2014 Agreement during which Michael Todd Beauty publicly and

continuously used the mark, and that the mark has now reached incontestable status, SONY nevertheless seeks once again to limit or preclude Michael Todd Beauty from using the soniclear mark. Not because the mark caused or was likely to cause actual confusion, but because Michael Todd Beauty discontinued the earlier leaf and green color elements of the mark. This, according to SONY, violates the 2014 Agreement, although it clearly does not.



66.     A true and correct copy of Sony's October 5, 2021 letter to Michael Todd Beauty is attached hereto as Exhibit 10.

67.     Barely two weeks later—and without any advance notice or discussion—Sony filed an invalidation action against one of Michael Todd Beauty's soniclear marks registered in China (Registration No. 32725293).

68.     After telephone conversations failed to resolve the parties' dispute, on November 8, 2021, counsel for Michael Todd Beauty sent counsel for Sony a letter articulating the Company's position that Sony's invalidation action in China constituted a breach of the 2014 Settlement Agreement.  Michael Todd Beauty requested that Sony immediately withdraw its invalidation action in China and confirm that it will continue to abide by its obligations under the Settlement Agreement. A true and correct copy of Michael Todd Beauty's November 8, 2021 letter is attached hereto as Exhibit 11.

69.     Counsel for Sony failed to respond to Michael Todd Beauty prior to the initial response deadline for the invalidation action in China.  Accordingly, to mitigate the harm caused by Sony's wrongful action and to preserve the status quo to the greatest extent possible, Michael

Todd Beauty was forced to retain counsel in China and to file a response to Sony's invalidation action.

70.     On December 13, 2021, counsel for Sony responded by letter to counsel for Michael Todd Beauty, refusing to withdraw its invalidation action in China or to comply with its obligations in a manner consistent with Paragraph 7(ii) of the 2014 Agreement.  Accordingly, despite Michael Todd Beauty's good faith attempt to resolve the dispute, Sony remains resolute in its position, thus necessitating the filing of this action to enforce the terms of the 2014 Settlement Agreement. A true and correct copy of Sony's December 13, 2021 letter is attached hereto as Exhibit 12.

## F.      The soniclear and SONY Marks Are Readily Distinguished

71.     Sony's conduct with respect to Michael Todd Beauty—both in 2014 and now—is improper and anticompetitive.  Indeed, it is telling that Sony's 2021 correspondence does not assert any actual or likely confusion between the soniclear and SONY marks. There is none. Rather, Sony is aggressively staking out territory around its marks in areas in which it does not operate and over which it has no right.

72.     Sony's insistence that Michael Todd Beauty stop using its current Version #3 soniclear mark is contrary to the Parties' 2014 Agreement, furthers no legitimate claim of confusion or likely confusion, and constitutes trademark misuse.

73.     In accordance with the 2014 Agreement, the "soni" in "sonic" in Michael Todd Beauty's Version #3 soniclear mark is not distinguished from the other elements of the mark and the description of goods in the application for registration or registration includes a statement that sonic power or technology is being used to operate the product at issue.

74. The SONY and soniclear marks are visually distinct.

**SONY**      soniclear

75. The SONY mark is four letters long; the soniclear mark is nine.

76. The SONY mark is presented in bold typeface and uppercase letters; the soniclear mark is presented in a non-bold, light typeface and lowercase letters.

77. The SONY mark employs a serif font; the soniclear marks employ a sans serif font.

78. The SONY mark does not incorporate additional design elements; the soniclear mark incorporates a wheel design inside the "o" representing the use of sonic technology.

79. The visual distinctions between the two marks can be summarized as follows:

| **SONY** | soniclear |
|---|---|
| 4 letters | 9 letters |
| Bold typeface | Light typeface |
| Serif font | Sans serif font |
| All uppercase | All lowercase |
| No design elements | Wheel design element representing sonic vibration embedded in "o" |

80. The SONY and soniclear marks are pronounced differently. The SONY mark is pronounced SO-nee; the soniclear mark is pronounced SA-nih-kleer, consistent with the words "sonic" and "clear" from which it is derived.

81.     The SONY and soniclear marks have wholly different connotations.  SONY is not an English word and has no meaning or connotation beyond its trademark significance.  By contrast, soniclear is a portmanteau word blended from two common English words: "sonic" referring to the speed of the oscillation of the brush head between 20 and 20,000 cycles per second;[3] and "clear," an adjective meaning, among other things, "clean, pure, free from blemishes," as in "clean skin."  As a portmanteau word, soniclear creates a single word, connoting cleanliness brought about by sonic technology.

82.     The SONY and soniclear marks are also used in conjunction with products or services that are dissimilar.  The SONY marks are primarily registered for use in connection with Entertainment services (Class 41), Computer software (Class 42), Charitable foundation services (Class 36), Broadcasting (Class 38), Cellular telephones (Class 9), Watches (Class 14) and Financial services (Class 36).  By contrast, Michael Todd Beauty's soniclear mark is registered for use in connection with power operated brushes using sonic technology to clean and exfoliate skin (Class 21) and related accessories.  Upon information and belief, Sony has never in its 75-year history sold or trademarked a beauty or cleansing device.

83.     Others, however, have used the term "sonic" on its own and in combination with other terms in trademarks associated with products that are far more closely related to Sony's product lines than Michael Todd Beauty's product line.  For example, the incontestable mark SONICLEAR (Reg. No. 2332737), which SONY never opposed, has been used for over twenty years in connection with computer software for recording, editing, translating and processing audio computer files a category of products substantially related to SONY's product lines.  And, of course, Sonos, Inc. uses its SONOS marks with products that directly compete with Sony.

---

[3]     Below 20 cycles per second is referred to as subsonic and above 20,000 cycles per second is referred to as supersonic.

84.    The retail outlets selling and customers purchasing SONY and soniclear products are also distinct.  While some retailers may sell electronics and beauty products contemporaneously in their stores, these products would not appear in the same department.  And regarding online sales, customers would be required to use different search terms to locate these products.

85.    In the years that Michael Todd Beauty has been marketing, advertising, and selling soniclear-brand products, Michael Todd Beauty has not become aware of a single instance of consumer confusion between the SONY and soniclear marks.

86.    Nor have trademark examiners in the United States or China identified any Sony mark as a ground for rejecting Michael Todd Beauty's soniclear marks.

87.    And upon information and belief, in the years that Michael Todd Beauty has been marketing, advertising and selling soniclear-brand products, Sony has not identified a single instance of consumer confusion between the SONY and soniclear marks.


**G.    The 2014 Agreement Provides for Injunctive Relief and Attorney Fees**

88.    In the event of a dispute between the Parties, Paragraph 14 of the 2014 Agreement entitles the prevailing party to recover its reasonable attorneys' fees, costs, and expenses:

> Nothing in this Agreement shall be deemed to be a waiver of the right of any Party to seek any form of relief, including injunctive relief, to enforce the terms of this Agreement.  If any action at law or in equity is necessary to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees, costs, and expenses from the breaching Party, in addition to any other relief to which such prevailing Party may be entitled.

## V.   CAUSES OF ACTION

### Count I
### Breach of Contract

89.    Michael Todd Beauty incorporates the foregoing allegations as if fully realleged and restated herein.

90.    Michael Todd Beauty and Sony entered into a written contract—the 2014 Agreement.

91.    Pursuant to the terms of the 2014 Agreement, Sony agreed that it would not impede, oppose, challenge or otherwise contest, directly or indirectly, worldwide, including in China, Michael Todd Beauty's ownership, use, application for registration, registration, or any maintenance of any registration for any mark including the word "sonic," as long as the "soni" in "sonic" was not separated or distinguished from the other elements of such mark, either on or in connection with any goods and services, and so long as the goods and services recited in any application for registration or registration includes a statement that sonic power or technology is being used to operate the product at issue.

92.    On August 7, 2018, Michael Todd Beauty filed an application in China in Class 21 for the mark soniclear (Application No. 32725293).

93.    In Application No. 32725293, Michael Todd Beauty identified the relevant goods as follows:

> 1. Power-operated brushes *using sonic technology* to clean and exfoliate skin; 2. Replacement brushes for power-operated brushes; 3. Extension handle for power-operated brushes; 4. Carrying cases and stands featuring power supply connectors (specially adapted for use with power-operated brushes to clean and exfoliate the skin); 5. Battery charging devices (specially adapted for use with power-operated brushes to clean and exfoliate the skin.

(emphasis added).

94.     On or about October 21, 2021, Sony filed an invalidation action contesting Michael Todd Beauty's maintenance of its registration of the mark soniclear in China (Registration No. 32725293).

95.     Sony breached the 2014 Agreement by filing an invalidation action against Michael Todd Beauty's soniclear mark in China.

96.     As a direct and proximate result of Sony's breach, Michael Todd Beauty has suffered substantial damages.

97.     Sony's invalidation action threatens Michael Todd Beauty with irreparable harm.

## VI.     PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays that the Court enter judgment in its favor as follows:**

A.     entering judgment in Michael Todd Beauty's favor as to all claims;

B.     ordering Sony to withdraw its invalidation action in China against Chinese Registration No. 32725293;

C.     enjoining Sony from engaging in further acts in opposition to Michael Todd Beauty's "sonic" marks in the United States and abroad;

D.     awarding Michael Todd Beauty damages in an amount sufficient to compensate it for Sony's breach of contract;

E.     awarding Michael Todd Beauty its costs, expenses and attorneys' fees in this action pursuant to the 2014 Agreement; and

F.     awarding such other further relief to which Michael Todd Beauty may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

## VII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Michael Todd Beauty demands a jury

trial as to all matters so triable.


Dated:    Washington, DC
          January 24, 2022

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP


By: _____
     Nicole M. Jantzi

Nicole M. Jantzi
Paul M. Schoenhard (pro hac vice application
   to be submitted)
801 17th Street NW
Washington, DC 20006
(202) 639-7000
nicole.jantzi@friedfrank.com

FRIED, FRANK, HARRIS SHRIVER
   & JACOBSON LLP
Ashley M. Czechowski
One New York Plaza
New York, New York 10004-1980
(212) 859-8000
ashley.czechowski@friedfrank.com
Email

*Attorneys for Plaintiff*
*Michael Todd Beauty LP*